# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,    :    Case No. 3:04-cr-189
                                              Civil Case No. 3:08-cv-101

                                              District Judge Walter Herbert Rice
    -vs-                                       Chief Magistrate Judge Michael R. Merz

                                              :

DERIC EDMOND MARSHALL,

    Defendant.

---

## REPORT AND RECOMMENDATIONS

---

    This case is before the Court for initial review of Defendant's Motion to Vacate Judgment under 28 U.S.C. § 2255 (Doc. No. 83). Under the General Order of Reference for the Dayton location of court, all such motions are automatically referred to a United States Magistrate Judge for initial consideration.

    The docket shows that final Judgment of conviction was entered on July 13, 2006 (Doc. No. 78). No appeal was taken from this judgment, so it became final on July 26, 2006, the last date on which a notice of appeal could have been filed.[1] The Defendant's § 2255 Motion was sent to the Court under cover of a letter dated January 20, 2008. The Court assumes the Motion was sent that date and Defendant is entitled to have the Motion deemed filed as of the date of mailing. *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

    A motion to vacate under § 2255 must be filed within one year after the judgment becomes

---

[1] The appeal time in a criminal case is ten days from judgment. Because the period is less than eleven days, the intervening Saturdays and Sundays are excluded.

final, with certain exceptions which are not applicable to this case. January 20, 2008, is 542 days after July 27, 2006, and thus the Motion is barred by the relevant statute of limitations and should be dismissed with prejudice. A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). There is no reason why the analysis should be different under § 2255 since the two limitations statutes are both part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

It is therefore respectfully recommended that this case be dismissed with prejudice as barred by the statute of limitations.

March 21, 2008.

                                                                                                  s/ **Michael R. Merz**
                                                                Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).