# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:04-cr-189

                                         District Judge Walter Herbert Rice
   -  vs  -                              Magistrate Judge Michael R. Merz

DERIC EDMOND MARSHALL,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 which was filed by Defendant with the assistance of appointed counsel (ECF No. 104). Counsel realized that this was a second or successive § 2255 motion which required prior approval of the Sixth Circuit to proceed and therefore he moved to hold the case in abeyance pending Sixth Circuit permission (ECF No. 105).

      The Motion to Hold in Abeyance has remained pending without court action since June 24, 2016, because the undersigned was not added as an assigned judicial officer until October, 2016. That should have happened in May 2016 when Defendant filed a pro se Motion to Vacate (ECF No. 101) because the Dayton General Order of Assignment and Reference automatically refers post-judgment collateral attacks on criminal convictions to the undersigned.

1

The Sixth Circuit Court of Appeals has denied Defendant leave to file a second or successive § 2255 motion. *In re: Deric Marshall,* Case No. 16-3673 (6th Cir. Sept. 16, 2016)(unreported, copy at ECF No. 106). Because of that denial, this Court lacks jurisdiction to consider the pending Motion to Vacate. Franklin v. Jenkins, ___ F.3d ___, 2016 U.S. App. LEXIS 18263 (6th Cir. Oct. 7, 2016), citing *Burton v. Stewart*, 549 U.S. 147 (2007).

It is therefore respectfully recommended that the pending Motion to Vacate under § 2255 be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

October 14, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).