THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERIC EDMOND MARSHALL,

    Defendant.

Case No. 3:04-cr-186
3:04-cr-189 (2)

Judge Walter H. Rice

---

DECISION AND ENTRY OVERRULING FIRST (DOC. #65), EMERGENCY (DOC. #66), AMENDED EMERGENCY (DOC. #70), SUPPLEMENTAL (DOC. #72), AND CORRECTED SUPPLEMENTAL (DOC. #73) MOTIONS FOR COMPASSIONATE RELEASE OF DERIC EDMOND MARSHALL IN CASE NO. 3:04-CR-186, AND OVERRULING FIRST (DOC. #123), EMERGENCY (DOC. #124), AMENDED EMERGENCY (DOC. #126), AND SUPPLEMENTAL (DOC. #129) MOTIONS FOR COMPASSIONATE RELEASE IN CASE NO. 3:04-CR-189(2)

---

Before the Court are the First (Doc. #65), Emergency (Doc. #66), Amended Emergency (Doc. #70), First Supplemental (Doc. #72), and Second Supplemental (Doc. #73) Motions for Compassionate Release of Defendant Michael D. Stephens in Case No. 3:04-cr-186 ("Case One"), and the First (Doc. #123), Emergency (Doc. #124), Amended Emergency (Doc. #126), and First Supplemental (Doc. #129) Motions in Case No 3:04-cr-189(2) ("Case Two").[1]  For the reasons set forth below, the Motions are **OVERRULED**.

---

[1] The First, Emergency, Amended Emergency, and Supplemental Motions filed in Case Two (Docs. #123, 124, 126, and 129, respectively), are copies of the identically-titled Motions filed in Case One (Docs. #65, 66, 70, and 73, respectively).  The Court will cite to the Case One Motions except

I.  **Factual Background and Procedural History**

On July 13, 2006, in Case One, Defendant was sentenced to 192 months imprisonment after pleading guilty to one count from the Indictment of bank robbery. (Judgment, Doc. #41, PAGEID 134, citing 18 U.S.C. § 2113(a); Indictment, Doc. #4). That same day, in Case Two, Defendant was sentenced to 192 months imprisonment, to be served concurrently with the sentence in Case One, and an additional 84 months imprisonment, to be served consecutively to the Case One sentence, after pleading guilty to three counts from the Superseding Indictment of armed bank robbery and one count of use of a firearm in a crime of violence and aiding and abetting same. (Judgment, Case Two Doc. #78, PAGEID 250-52, citing 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), 2113(a, d); Superseding Indictment, Case Two Doc. #45). Defendant is fifty-three years old with a present release date of July 10, 2025.[2]

On July 20 and July 22, 2021, Defendant, proceeding *pro se*, filed his First (Doc. #65) and Emergency (Doc. #66) Motions, respectively. Therein, he argues that his heart condition makes him particularly susceptible to contracting and developing serious complications from the Delta variant of COVID-19. (Doc. #65, PAGEID 226-27; Doc. #66, PAGEID 231-32). He also claims that he submitted requests for compassionate release to his Warden on September 10, 2020, and

---

where otherwise specified, and the Court's analyses and holdings with respect to those motions applies equally to their Case Two counterparts.

[2] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 24, 2024).

2

February 24, 2021. (Doc. #66, PAGEID 230). However, he attaches no supporting documentation. Defendant notes that he had served approximately seventy-five percent of his original sentence, and asserts that a reduction to time served is sufficient "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" (*Id.* at PAGEID 234, quoting 18 U.S.C. § 3553(a)(2)). He further argues that his exemplary record while incarcerated and the steps he has taken to create a stable career mean he will not be a threat to the community upon release. (*Id.* at PAGEID 234-37). In the Amended Emergency Motion, Defendant, again proceeding *pro se*, stated that he did not wish to be released to home confinement to serve the remainder of his sentence. (Doc. #70, PAGEID 244).

On August 17, 2021, Defendant, now represented by counsel, filed his Corrected Supplemental Motion.[3] Therein, Defendant asserts that a birth defect has caused cardiovascular disease that "is a debilitating medical condition involving an incurable, progressive illness[,]" and that the disease creates "an increased risk of severe illness or death from COVID-19[.]" (Doc. #73, PAGEID 266). He also claims that his near-flawless prison record (only one fight in seventeen years) shows that he is rehabilitated and will not be a threat to the community if released. (*Id.* at PAGEID 267). He emphasizes the broad discretion that the Court has in determining what constitutes an "extraordinary and compelling reason" for relief,

---

[3] Defendant states that the Corrected Supplemental Motion is a replacement for the first Supplemental Motion. (Doc. #73, PAGEID 265, citing Doc. #72). Thus, the first Supplemental Motion is OVERRULED AS MOOT.

3

and argues that Defendant's medical condition and susceptibility to COVID-19 are such reasons, especially considering the poor conditions at his then-facility, the Federal Correctional Institution-Florence, Colorado. (*Id*. at PAGEID 271-74, 276). Defendant argues that threat to the community cannot be the sole reason for denying a motion for compassionate release; further, his age and good behavior makes him less of a risk for recidivism, and thus, he is less of a threat to the community. (*Id*. at PAGEID 277-79).

In its memorandum *contra*, Plaintiff United States of America (the "Government") argues that the Supplemental Motion should fail because Defendant has not established that he exhausted administrative remedies. (Doc. #75, PAGEID 281).[4] Defendant has not submitted any medical records supporting the extent of his cardiovascular disease, making it "difficult to determine whether or not he has medical conditions that, absent any other considerations, hypothetically place him at risk of serious illness if he caught COVID." (*Id*. at PAGEID 284-85). Further, Defendant has failed to mitigate his risk of contracting COVID-19 by refusing to be vaccinated. (*Id*. at PAGEID 285 n.2). Finally, the Government claims that, given the severity and violence of Defendant's crimes and his criminal history, the 18 U.S.C. § 3553(a) factors weigh against release. (*Id*. at PAGEID 286).

---

[4] The Government also filed an identical memorandum in Case Two. (Doc. #132).

In the Reply, Defendant argues that he has sworn that he has exhausted administrative remedies, but the Warden will not provide evidence that he did submit a grievance. (Doc. #78, PAGEID 352).[5] He claims that he:

> [A]sked medical personnel to advise him as to the contents and ingredients, so as to be assured of no conflict with Defendant's unique (and documented) allergies; but also, to advise as to enhanced risks of the vaccination with Defendant's (documented) medical conditions, and that information was not provided. It is not unreasonable for any patient to know if their life is at greater risk from the vaccination than without it.

(*Id.* at PAGEID 354). He argues that, given the continued prevalence of COVID, the only truly effective way to prevent the risk of serious infection is to remove him from the high-risk, high-spread situation of federal incarceration. (*Id.* at PAGEID 355). Defendant reiterates that his advancing age and exemplary prison record demonstrate that he would not be a danger to the community upon release. (*Id.* at PAGEID 355-58).

The matter is ripe for decision.

## II. Legal Standards

A district court may, in certain limited circumstances, grant what is popularly known as "compassionate release" and modify a term of imprisonment after it has been imposed:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are

---

[5] Defendant filed an identical reply in Case Two. (Doc. #135).

5

applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added).[6] Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id*. Exhaustion of administrative remedies is mandatory; failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule []" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *Elias*, 984 F.3d at 519. Further, relief under the statute is wholly discretionary; even if a defendant meets all elements of the

---

[6] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" Id. at 519-20.

6

statute, the Court may but need not order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

### III. Analysis

There are three major areas this Court must examine in a compassionate release motion: exhaustion, extraordinary and compelling reason, and suitability for release. Defendant fails in all three areas. "[I]t is Defendant's burden to establish that he has exhausted all his administrative remedies" in a compassionate release case. *United States v. Wiggins*, 2022 WL 806586, *1 (E.D. Mich. Mar. 15, 2022), citing *United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, *1 (E.D. Mich. Jul. 9, 2020). Defendant has presented nothing more than an unsworn statement that he submitted compassionate release requests on September 10, 2020, and February 24, 2021. (Doc. #66, PAGEID 230). Defendant's emphasis on the fact that the Government did not expressly challenge the veracity of his statement (Doc. #78, PAGEID 352) is a red herring; Defendant had an affirmative duty to corroborate his contention that he exhausted, but he never did. Moreover, Defendant's statement that the Warden will not provide a copy of his release request (and the Warden's presumed denial of same) (*id.*), is dubious, given that nearly every defendant who has appeared before the undersigned and claimed to have exhausted administrative remedies has provided a record of a request or the Warden's denial. Defendant's Motions fail for that reason alone.

7

Even if the Court were to conclude, however, that Defendant had properly exhausted, he still did not present an extraordinary and compelling reason for release. In *United States v. Lemons*, the United States Court of Appeals for the Sixth Circuit adopted as law the position "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." 15 F.4th 747, 751 (6th Cir. 2021), citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). While there is some dispute as to whether the Bureau of Prisons was responsive to Defendant's inquiries regarding the vaccine's ingredients and its suitability for someone with his allergies (Doc. #78, PAGEID 354), it is undisputed that the vaccine was available and offered to Defendant, and Defendant has not shown he was unable to receive the vaccine. *Lemons* remains good law in the Circuit; thus, Defendant's cardiovascular disease and any increased susceptibility to COVID-19 is not, by itself, an extraordinary and compelling reason for release. As Defendant offers no alternative reason for release, the Court must overrule the Motions for that reason as well.

Finally, the prison records submitted by the Government belie Defendant's argument that he has an exemplary prison record. Far from a mere "one fight" (Doc. #73, PAGEID 267), Defendant was disciplined approximately thirty-six times between December 2007 and September 2021. (Discipline Records, Doc. #80-1, PAGEID 364-74). Moreover, Defendant's criminal activity for which was convicted—using a firearm to steal "tens of thousands of dollars from multiple

8

banks over the course of one month" (Doc. #75, PAGEID 286)—violently and egregiously undermined public safety. The crimes and Defendant's lengthy disciplinary history show that: he would be a threat to the community if released, and incarceration until his release date is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). Thus, the Motions fail because the 18 U.S.C. § 3553(a) factors weigh against release.

## IV. Conclusion

For the reasons set forth above, Defendant's First (Doc. #65), Emergency (Doc. #66), Amended Emergency (Doc. #70), Supplemental (Doc. #72), and Corrected Supplemental (Doc. #73) Motions for Compassionate Release in Case One and First (Doc. #123), Emergency (Doc. #124), Amended Emergency (Doc. #126), and Supplemental (Doc. #129) Motions in Case Two are **OVERRULED**.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

July 29, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT